# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 01, 2026

Ms. Christen Hebert
Institute for Justice
816 Congress Avenue
Suite 970
Austin, TX 78701

     No. 26-20220   Pulliam v. Fort Bend Cty
               USDC No. 4:22-CV-4210

Dear Ms. Hebert,

We have docketed the appeal and ask you to use the case number
above in future inquiries.

Filings in this court are governed strictly by the Federal Rules
of **Appellate** Procedure.  We cannot accept motions submitted under
the Federal Rules of **Civil** Procedure.  We can address only those
documents the court directs you to file, or proper motions filed
in support of the appeal.  See Fed. R. App. P. and 5th Cir. R. 27
for guidance.  Documents not authorized by these rules will not be
acknowledged or acted upon.

You must complete a transcript order form, which can be obtained
from the court's website www.ca5.uscourts.gov.  If you are required
to electronically file, you must, file the form via the 5th
Circuit's Electronic Document Filing System even if the form was
filed with the district court, and make financial arrangements
with the court reporter.  See also 5th Cir. R. 30.1.2 and 5th Cir.
R. 31.1 to determine if you have to file electronically.  When
completed, this meets your obligation to order the necessary
portions of the court reporter's transcript, see Fed. R. App. P.
10(b).  (If you are pro se and unable to afford payment, you must
file a motion with the district court requesting transcript at
government expense, and notify this court.)  We will coordinate
the transcript deadlines with the court reporter.  The court
reporter should contact you directly if an extension of time to
file the transcript is granted. Failure to complete the transcript
order form and make financial arrangements with the court reporter
within 15 days will result in dismissal of the appeal in accordance
with the rules.

We will provide you information about the briefing schedule of
this appeal at a later date.  If a transcript is unnecessary,
please complete the section on the transcript order form to
indicate such and we will start the briefing schedule.  5th Cir.
R. 31.4 and the Internal Operating Procedures following rules 27

and 31 state that except in the most extraordinary circumstances, the <u>maximum</u> extension for filing briefs is 30 days in criminal cases and 40 days in civil cases.

All counsel who desire to appear in this case must electronically file a "Form for Appearance of Counsel" naming all parties represented within 14 days from this date, see Fed. R. App. P. 12(b) and 5th Cir. R. 12. This form is available on our website www.ca5.uscourts.gov. Failure to electronically file this form will result in removing your name from our docket. Pro se parties are not required to file appearance forms.

ATTENTION ATTORNEYS: Attorneys are required to be a member of the Fifth Circuit Bar and to register for Electronic Case Filing. You may access the "Application and Oath for Admission" form at: www.ca5.uscourts.gov. Information on Electronic Case Filing is also available on our site.

**Electronic Record on Appeal (EROA):** We permit you to download all or part of the electronic record on appeal (EROA) after this is approved by the U.S. District Court. You will receive a notice when access to the EROA is available. Counsel must be approved for electronic filing and be listed as an attorney of record in the case before access will be granted. Instructions for accessing and downloading the EROA will be included in the notice you receive from the district court, but you may also access the instructions at: www.ca5.uscourts.gov/docs/eroadownload.

Please note that sealed documents, except for the presentence investigation report in criminal appeals, will not be included in the EROA. You must file a motion in our court for access to sealed documents, which will be provided by the district court only upon the filing and granting of a motion by our court.

We recommend that you visit the Fifth Circuit's website, www.ca5.uscourts.gov and review material that will assist you during the appeal process. We especially call to your attention the Practitioner's Guide and the 5th Circuit Appeal Flow Chart, located in the Forms, Fees, and Guides tab.

ATTENTION: If you are filing Pro Se (without a lawyer) you can request to receive correspondence from the court and other parties by email and can also request to file pleadings through the court's electronic filing systems. Detailed instructions on how to make these requests are available at: www.ca5.uscourts.gov/docs/prosefiler. This is not available for any pro se serving in confinement.

**Special guidance regarding filing certain documents:**

General Order No. 2021-1, dated January 15, 2021, requires parties to file in paper highly sensitive documents (HSD) that would ordinarily be filed under seal in CM/ECF. This includes documents likely to be of interest to the intelligence service of a foreign government and whose use or disclosure by a hostile foreign government would likely cause significant harm to the United States or its interests. Before uploading any matter as a sealed filing, ensure it has not been designated as HSD by a district court and does not qualify as HSD under General Order No. 2021-1.

A party seeking to designate a document as highly sensitive in the first instance or to change its designation as HSD must do so by motion. Parties are required to contact the Clerk's office for guidance before filing such motions.

**Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Melissa V. Mattingly, Deputy Clerk
504-310-7719

cc:
    Mr. Kevin Troy Hedges
    Mr. Nathan Ochsner

Provided below is the court's official caption. Please review the parties listed and advise the court immediately of any discrepancies. If you are required to file an appearance form, a complete list of the parties should be listed on the form exactly as they are listed on the caption.

_____

Case No. 26-20220

_____

Justin Pulliam,

Plaintiff - Appellant

v.

Fort Bend County, Texas; Eric Fagan, Sheriff, in his Individual Capacity; Taylor Rollins, Officer, in his Individual Capacity,

Defendants - Appellees